IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01235-BNB

JASON PECCI,

Applicant,

v.

WARDEN BCCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -6 2008

GREGORY C. LANGHAM
                    CLERK

ORDER DENYING REQUEST FOR STAY
AND DIRECTING APPLICANT TO RESPOND

At issue is the pleading titled "Request for Clarification and Answer to Order to Show Cause," that Applicant Jason Pecci filed on September 17, 2008, in response to Magistrate Judge Craig B. Shaffer's Order to Show Cause. The Court must construe liberally the September 17, 2008, pleading because Mr. Pecci is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below the Court will deny Mr. Pecci's request to stay the instant action and direct him to respond again.

In the September 17, 2008, pleading, Mr. Pecci asserts, as he did in his Reply, that his Colo. R. Crim. P. 35(c) motion was tolled for ninety days after the mandate was issued. In the Order to Show Cause, Magistrate Judge Shaffer found that Mr. Pecci's Rule 35(c) postconviction motion was final the date that the petition for certiorari review

was denied, on May 12, 2008. Pursuant to *Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999), a state postconviction proceeding is final after the state's highest court has addressed the application. Exhaustion of state court remedies does not include a direct appeal to the United States Supreme Court from the state's denial of a postconviction motion. *Id.* Furthermore, the Rule 35(c) motion is final on the date the petition for certiorari review is denied. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000); *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

As for Mr. Pecci's request that this Court stay the instant action, until he has exhausted all unexhausted claims, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Pecci must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Based on the following, Mr. Pecci fails to assert good cause.

Mr. Pecci does not assert why he failed to raise any of the identified unexhausted claims in either his direct appeal or his Rule 35(c) postconviction motion. Furthermore, to the extent that he asserts Claim Three is newly discovered evidence, and he was not aware of the claim until at the latest May 22, 2008, he does not assert why he elected not to pursue exhaustion of the claim in state court as opposed to filing

2

the instant action in this Court. Applicant's request for stay and abeyance, therefore, will be denied.

Nonetheless, Mr. Pecci has not properly responded to the Court's Order to Show Cause. He was instructed to show cause why the instant action should not be dismissed as a mixed petition. As Magistrate Judge Shaffer explained to Mr. Pecci in the Order to Show Cause he has two choices. He may either proceed in this Court with only his exhausted claims or dismiss the action and return to state court to exhaust his state court remedies. Mr. Pecci, therefore, is instructed to inform the Court of his choice. Accordingly, it is

ORDERED that Mr. Pecci's request for a stay and abeyance of the instant action is DENIED. It is

FURTHER ORDERED that Mr. Pecci shall respond within thirty days of the date of this Order and inform the Court whether he intends either to proceed with his exhausted claims or to dismiss the action so he may return to state court to exhaust the state court remedies with respect to his unexhausted claims. It is

FURTHER ORDERED that if Mr. Pecci fails to respond within thirty days the action will be dismissed as a mixed petition.

DATED at Denver, Colorado, this 3 day of October, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01235-BNB

Jason Pecci
Prisoner No. 111132
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/6/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk