IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01235-ZLW-KMT

JASON PECCI,

    Applicant,

v.

WARDEN BCCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

# ORDER

This matter is before the court on Petitioner's "Request for Discovery Pursuant to 28 USC § 2254 Rule 6" (Doc. No. 28) filed December 23, 2008.

Petitioner requests that he be allowed to conduct depositions to develop his claims for relief. "A habeas [applicant], unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The applicant is entitled to discovery only "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6 (a) of the § 2254 Rules; *see Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999). The judge may limit the extent of the discovery, and the petitioner must provide reasons for each request. *Id.*; *see also*

Rule 6 (b) of the § 2254 Rules. Good cause is established if the applicant makes specific allegations that give the court "reason to believe that the [applicant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quotation omitted); *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999). However, discovery may be inappropriate if the petitioner had an opportunity to conduct discovery and to develop evidence during the state post-conviction proceedings. *Cf. Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999).

The applicant is not allowed to use discovery as a fishing expedition; he must demonstrate good cause as to what facts he intends to develop from this discovery, and must specify why those facts and his requests would be relevant to his claims in light of the provisions of 28 U.S.C. § 2254(e)(1) & (2), which, among other things, limit the scope of fact finding by this court. The function of this court on habeas review is not to determine guilt or innocence, but to determine whether "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), based on an adjudication in the state court which satisfies the mandates of 28 U.S.C. § 2254(d).

Here, Petitioner has made overly broad and conclusory statements regarding his need for depositions. Therefore, it is impossible for the court to determine whether the discovery should be allowed. In addition, Petitioner has not explained why discovery is necessary to obtain the

information he seeks or whether, through post-conviction proceedings, he had an opportunity to conduct an investigation and to develop the evidence he seeks.

Plaintiff also requests that the court appoint Attorney Joseph A. Gaveldon to conduct the depositions. The petitioner's request is premature. "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation <u>and</u> the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969) (emphasis added).

Accordingly, it is ORDERED that Petitioner's "Request for Discovery Pursuant to 28 USC § 2254 Rule 6" (Doc. No. 28) is DENIED without prejudice.

Dated this 9th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge